Wardlaw, J.
dissenting. If the defendant (as he might have done) has really after demand of oyer set out the whole writing obligatory, before he demurred, then the whole writing is to be considered a part of the declaration, and we have a paper which seems upon its face to be the deed of Alston, alleged to be the deed of Robertson. According to the opinion of this Court in the case of Eddins v. Brown (1 Rich. p. 255,) if Robertson had not authority to bind Alston, the deed is Robertson’s own. Can the Court upon demurrer, when the allegation is that the deed was sealed with the seal of Robertson, assume that Robertson had the authority which would contradict the allegation? I think not. In the case of Say v. Ellis (2 W. Bla. p. 955) a bond was taken, conditioned that the defendant should appear to answer a contempt in Chancery; such bond was void without express authority given to the officer to take it, but upon the demurrer after oyer, the Court held that the defendant should by pleading have stated such facts as were necessary to bring-the question before the Court, and that the want of authority could not be assumed. In various cases, where bail bonds had been taken in disregard of the £?tat. of H. 6, upon demurrer, the bonds have been held void, because no .extrinsic fact could have made valid what was void by the Statute.
In the case before us, I think that after, oyer, the de- *374 fondant should have pleaded non est factum, unless (as is probable) the same objection existed to the declaration in this case, which in another case between the same parties, has been held fatal upon demurrer.

Motions írefused.